UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN ERNEST WEISNER, § § Plaintiff, § v. § § BEXAR COUNTY, TEXAS and § DEPUTY DENNIS DOUGLAS, § § Defendants. § | CIVIL ACTION NO. SA-07-CA-0709 NN |

**ORDER CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This order addresses the defendants' amended motion for summary judgment.[1] In the motion, the defendants—Bexar County and Bexar County sheriff deputy Dennis Douglas—asked for summary judgment on each of plaintiff John Ernest Weisner's claims. Weisner sued the defendants for: (1) violating the Fourth Amendment's prohibition against the excessive use of force, (2) state-law battery, and (3) state-law gross negligence.[2] The defendants are entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]

**Claims against Douglas**. Each of the claims against Douglas centers on Weisner's allegations that, in executing a search warrant of Weisner's residence, Douglas caused Weisner significant injuries by pushing Weisner into the bathtub—breaking Weisner's collarbone and

---

[1]Docket entry # 93.

[2]Docket entry # 90.

[3]Fed. R. Civ. P. 56(c).

fracturing his hip—and then lifting Weisner out of the bathtub and slinging him onto the sofa. The defendants argued that they are entitled to summary judgment on the claims against Douglas because Douglas never touched Weisner during the search. As pleaded, Weisner's claims necessarily require Weisner to prove that Douglas used force against him. To support their argument, the defendants rely on Douglas's affidavit, wherein Douglas stated that he had no physical contact with Weisner. Douglas attested that he obtained the search warrant for Weisner's residence, coordinated the overall search, requested medical assistance after Weisner complained about shoulder pain, and read Weisner his rights. Weisner responded by asserting that Douglas was the person who assaulted him.[4] Weisner attested that Douglas "knocked him into the bathtub, which caused the broken shoulder and other injuries I sustained" and that Douglas "was directly involved in placing the handcuffs on me, jerking me out of the bathtub, and dragging me to the couch where they began to question me." This evidence raises a question about a material fact—that is, the extent of Douglas's involvement in the actions that caused Weisner's injuries. This fact question precludes summary judgment on Weisner's claims against Douglas. To the extent that the defendants rely on the DVD submitted with the defendants' original motion for summary judgment, the events reflected on the DVD are irrelevant to Weisner's allegations.

    **Claims against Bexar County**. The defendants first argued that they are entitled to summary judgment on the section 1983 claim against Bexar County because the County cannot use excessive force against anyone.[5] The defendants presented no legal authority for this

---

[4]Docket entry # 94, exh. A.

[5]Docket entry # 93, p. 4.

argument, nor is there such legal authority. "[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."[6] The County is not entitled to summary judgment on this basis.

The defendants next argument that they are entitled to summary judgment on Weisner's section 1983 claim because there is no evidence to establish that the alleged constitutional harm resulted from an official policy, custom or pattern.[7] A plaintiff seeking to impose liability on a local government entity like Bexar County must identify a municipal policy or custom that caused the plaintiff's injury to prevail under section 1983.[8] As to official policy, the defendants rely on the sheriff office's policy authorizing officers to use only that amount and degree of force which is reasonably necessary to perform a specific duty[9] and its policy to investigate all situations where a citizen is injured by an officer.[10] As to custom or pattern, the defendants maintain that Weisner has no evidence of a widespread custom of the unlawful use of force. In response, Weisner relied on the sheriff office's failure to investigate his injuries. That failure does not raise a fact question about whether the alleged violation of the Fourth Amendment

---

[6]*Monell v. Dep't of Soc. Services of N.Y.*, 436 U.S. 658, 690-691 (1978).

[7]Docket entry # 93, p. 6.

[8]*Bd. of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

[9]Docket entry # 93, exh. B.

[10]*Id.*, exh. C.

resulted from an official policy, custom or pattern because the failure to investigate is as consistent with the lack of coordination within the sheriff's office and inadvertence as it is with the endorsement of the unreasonable use of force. Perhaps significant injury from the use of force should trigger an investigation, but the failure to investigate may evidence nothing more than a lack of internal control. Weisner failed to present evidence of policy, custom or pattern. Bexar County is entitled to summary judgment on Weisner's section 1983 claim.

The defendants argued that they are entitled to summary judgment on Weisner's state-law claims because Douglas never touched Weisner during the search. Because Weisner's affidavit raised a fact question about Douglas's involvement in the events that caused Weisner's injuries, Bexar County is not entitled to summary judgment on the state-law claims.

**Court's order**. The defendants' amended motion for summary judgment (docket entry # 93) is GRANTED as to Weisner's section 1983 claim against Bexar County and DENIED in all other respects. Because I did not consider the objected-to aspects of Douglas's affidavit in reaching my decision, Weisner's objections to the affidavit are overruled as moot. The defendants' original motion for summary judgment (docket entry # 77) is DENIED AS MOOT. The remaining claims shall be tried on September 13, 2010.

**SIGNED** on August 6, 2010.

_/s/ Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE