UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN ERNEST WEISNER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-07-CA-0709 NN |
| BEXAR COUNTY, TEXAS and | § | |
| DEPUTY DENNIS DOUGLAS, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF'S APPLICATION
### TO PROCEED IN FORMA PAUPERIS ON APPEAL

This order addresses plaintiff John Ernest Weisner's motion to proceed in forma pauperis (IFP) on appeal.[1] Weisner's claims against defendant Bexar County, Texas and deputy Dennis Douglas were tried before a jury on September 13-15, 2010. During the trial, the court granted Bexar County's motion for judgment as a matter of law and dismissed the state law claims against Bexar County on sovereign immunity grounds. On the claims against Douglas, the jury returned a verdict against Weisner and in favor of Douglas. I entered a judgment consistent with the verdict on September 16, 2010. Since that time, Weisner filed a notice of appeal and asked to proceed on appeal IFP.

An appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith.[2] "The 'good faith' requirement . . . 'is established by the presentation of

---

[1] Docket entry # 121.

[2] 28 U.S.C. § 1915(a)(3).

any issue that is not plainly frivolous.'"[3] "A determination of good faith necessitates an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The [c]ourt's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"[4]

Weisner has not shown that his appeal is taken in good faith because he identified no issues for appeal. In post-trial correspondence to the court, Weisner questioned whether he can "appeal a juror decision on the case"[4] and whether his state law claims against Bexar County were resolved.[4] The court cannot discern from this limited information what issues Weisner seeks to challenge on appeal. Based on Weisner's post-trial submissions, I certify Weisner's appeal as not taken in good faith and DENY the motion to proceed on appeal IFP (docket entry # 121).

Although I certified the appeal as not taken in good faith, Weisner may challenge this finding pursuant to *Baugh v. Taylor*,[5] by filing a separate motion to proceed on appeal IFP with the clerk of the court of appeals within 30 days of this order. If Weisner moves to proceed on appeal IFP, he will be required to pay a partial filing fee and the prison authorities will be directed to collect the fees as calculated in this order.

The filing fee for an appeal is $455. The court does not assess an initial partial filing fee

---

[3] *Hayes v. United States*, 258 F.2d 400, 401-02 (5th Cir. 1958) (internal citation omitted).

[4] *Jones v. Frank*, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985) (internal citations omitted).

[4] Docket entry # 117.

[4] Docket entry # 120. Weisner has been advised about the resolution of the state law claims against Bexar County. See docket entry # 122.

[5] 117 F. 3d 197 (5th Cir. 1997).

because Weisner's inmate trust account reflects no funds. Weisner shall pay the $455 appeal fee in monthly installments as provided in 28 U.S.C. §1915(b)(2) as funds become available in his institutional trust fund account. Weisner's custodial institution shall each month deduct 20% of the preceding month's funds credited to Weisner's inmate trust account and forward payments to the clerk of the court, provided the account exceeds $10.00, until the $455 appeal fee is paid.[6] If Weisner asks the court of appeals to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which Weisner is currently or subsequently confined.

    **SIGNED** on December 17, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6]*See* 28 U.S.C. § 1915(b)(2).